IKUTA, Circuit Judge,
concurring in part and dissenting in part:
Although I agree with the majority’s conclusions as to all other claims, I would reverse Bernadel’s conviction on Count 18. *30 A rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could not conclude beyond a reasonable doubt that Bernadel aided and abetted the “cash-back” transfer from Security Title to AMB Consulting that served as the basis for this money laundering count. See United States v. Nevils, 598 F.3d 1158, 1163-64 (9th Cir.2010) (en banc). Unlike Pinkerton liability, which focuses on the defendant’s role in the overall conspiracy, aiding and abetting liability depends on the defendant’s connection to the specific criminal act the defendant is alleged to have aided or abetted. See United States v. Bingham, 653 F.3d 983, 997 (9th Cir.2011).[1] There was, quite simply, no evidence that Bernadel associated himself with the specific transaction alleged in Count 18, participated in it as something he -wished to bring about, or sought by his actions to make it succeed. See United States v. Hungerford, 465 F.3d 1113, 1117 (9th Cir.2006).

. Contrary to the government's suggestion at oral argument, the district court did not give a Pinkerton instruction with respect to the money laundering counts, so we cannot uphold Bernadel's money laundering convictions on a Pinkerton theory. See United States v. Straub, 538 F.3d 1147, 1165 (9th Cir.2008).